No. 339
SASFIA v. THOMA
No. 5025. Decided May 9, 1924

841. NEW TRIAL—Where the trial court dismissed jury and induced parties to negotiate for settlement and later entered judgment for defendant, it was error to refuse new trial.

VICKERY, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas for damages wherein Frank Sasfia, a minor, was sitting on his bicycle in the street with his foot resting on the curb when Toma drove a truck into him, causing the injuries complained of. A jury was impanelled and plaintiff presented part of his evidence and then desired to call defendant for cross-examination. Defendant was not then in court and after some delay in the trial the court suggested that a juror be withdrawn and the case set for four or five days later. An entry was made in the record, however, as follows: "Jury waived, case submitted to the court." At the time set, the parties appeared and announced that they could not agree on a settlement.

The record showed that the court said that if they could not settle, he would take care of it. About an hour was consumed in discussion and evidence was heard from both sides. Both attorneys said they understood that it was not a trial in the strict sense, but in the nature of an effort at settlement. The case was left with the court and a few days later he entered judgment for defendant, saying that if the case had been submitted to the jury, he would have been compelled to direct a

verdict for defendant. A motion for new trial was made and affidavits were filed and the motion was overruled. Sasfia prosecuted error. Held, by the Court of Appeals:

Under the circumstances, the parties were misled by the trial court. It was an abuse of discretion after the plaintiff had been misled in this manner, not to grant the motion for new trial. Reversed and remanded.

Attorneys—Vickery and Vickery, for Sasfia; Hart, Curry, Sklenick & Murray, for Toma; all of Cleveland.

---

No. 340
JONES v. SKINNER
Ohio Appeals, Franklin County
No. 1113. Decided March 20, 1923

1283. WORKMEN'S COMPENSATION — Where an employer of five or more men who has not complied with the Act is guilty of negligence, he is liable to an employe who is injured as a result of one of the incidents of his own work.

KUNKLE, J.                Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Common Pleas wherein Ermour E. Skinner was plaintiff and Albert E. Jones was defendant. Skinner, who was employed by Jones, stepped off the running board of an automobile, where he was working, on to a block of wood which was lying on the floor and sprained his ankle. The injury developed into tuberculosis of the bone and later made necessary an amputation of the leg. Jones employed more than five workmen and had not complied with the Workmen's Compensation Act. There was evidence tending to prove that Jones undertook through his janitor to keep the place clean and free from rubbish and that the janitor was not under the control of Skinner. Jones Prosecuted error. Held:

In view of the statute relieving an injured employe from the assumption of risk, contributory negligence and the fellow servant rule the fact that Skinner was engaged in a work that might involve the casting off of small blocks of wood would not constitute a defense if it was proved that Jones was guilty of negligence in not keeping the premises clean and safe through another employe who was not under the control of Skinner. There was in this case sufficient evidence to require a submission to the jury of the question of negligence. There was evidence tending to support the verdict and the verdict was not manifestly against the weight of the evidence. Judgment affirmed.

Attorneys—Ballard, Jones & Price and Wm. J. Ford, for Jones; Hogan, Hogan & Hogan and J. F. Stanton, for Skinner.